IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLES J. SLINGLETON, | § | |
| | § | |
| V. | § | A-10-CA-464-LY |
| | § | |
| RICK THALER. Director, Texas Dept. Of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 and Memorandum in Support (Document 1). Petitioner, proceeding pro se, has paid the full filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

STATEMENT OF THE CASE

A.  **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 26th Judicial District Court of Williamson County, Texas, in cause number 01-651-K26. On March 22, 2002, Petitioner was sentenced to two years in state jail for six counts of intent to possess child pornography. He was further sentenced to 10 years deferred adjudication on one count of

possession of child pornography. Subsequently, in November 2007, the trial court revoked Petitioner's community supervision and sentenced him to five years imprisonment.

Petitioner did not appeal his conviction or revocation of deferred adjudication. He did, however, file two state applications for habeas corpus relief. Petitioner does not recall the date he filed his first application. The Texas Court of Criminal Appeals denied the application without written order on September 25, 2002. Ex parte Slingleton, No. 53,407-01. Petitioner also does not recall the date he filed his second application. However, Petitioner asserts he mailed the second application on March 12, 2009. The Texas Court of Criminal Appeals denied the second application without written order on the trial court findings without a hearing. Ex parte Slingleton, No. 53,407-02.

B.   **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.   The sentence he received is outside the maximum range of punishment; and

2.   He was denied effective assistance of counsel during the penalty phase.

## DISCUSSION AND ANALYSIS

A.   **Statute of Limitations**

The AEDPA provides a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Regardless of whether Petitioner is challenging his original conviction or the revocation of his deferred adjudication his federal application for habeas corpus relief is time-barred. Petitioner was originally sentenced on March 22, 2002. Petitioner did not appeal his deferred adjudication order, making it final on or about April 21, 2002. See Tex. R. App. P. 26.2(a). Petitioner's first state application operated to toll the limitations during its pendency. Because Petitioner does not recall the date he filed his application the Court will assume for purposes of this Report and Recommendation that he filed the application when his conviction became final. The Texas Court of Criminal Appeals denied the application on September 25, 2002. Therefore, Petitioner's federal application, challenging his original conviction and sentence, was due no later than September 25, 2003.

Petitioner's deferred adjudication was revoked in November 2007. He did not appeal the revocation, making it final in December 2007. Therefore, Petitioner's federal application, challenging his revocation, was due in December 2008. Petitioner did not execute his federal application until February 12, 2010, after the limitations period had expired. Petitioner's second

state application did not operate to toll the limitations period, because Petitioner admits he did not file his second state application until after March 12, 2009, after the limitations period expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## RECOMMENDATION

It is recommended that Petitioner's application for habeas corpus relief be dismissed with prejudice as time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of September, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE